UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR BAUSTISTA CORTEZ (A# 220-487-422),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06215-DC-SCR (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 8) |

Petitioner, a federal immigration detainee[1] proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 8.) On August 24, 2026, Respondents filed objections to the findings and recommendations, stating that "[i]n

[1] The court takes judicial notice of the information provided on the ICE's "Online Detainee Locator System" webpage, available at https://locator.ice.gov/ (last visited Aug. 27, 2026). *See* Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."). This website indicates that Petitioner remains in immigration detention at the California City Immigration Processing Center.

order not to waive the right to appeal, Respondents generally object to the findings and recommendation[s] . . . for the reasons stated in [their] prior pleadings."[2] (Doc. No. 9.) However, those arguments were addressed and rejected by the magistrate judge in this case and the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). *See Rodriguez Vazquez*, No. 25-6842, 2026 WL 2196424, at *3 (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C.] § 1226, not [8 U.S.C.] § 1225(b)(2)(A)"). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 21, 2026 (Doc. No. 8), are ADOPTED;

2. Petitioner Salvador Bautista Cortez's (A# 220-487-422) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED;

3. Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner from their custody and to return all of Petitioner's documents and possessions at the time of release. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;

---

[2] Respondents also object on the basis that, on August 19, 2026, an Immigration Judge ordered that Petitioner be granted release on a $15,000 bond, which was the first notification the court received of any such hearing. (Doc. No. 9.) Yet, more than a week later, Petitioner remains in ICE custody. *See supra* note 1. Respondents appear to explain this by stating "[i]t is unclear if Petitioner is aware of the resources available to him to post his immigration bond." (Doc. No. 9.) Respondents do not attach the immigration judge's order, or any other evidence of the alleged release order. Further, Respondents offer no argument as to how any such order impacts Petitioner's habeas corpus action pending before this court, which is particularly notable here, where Respondents acknowledge that Petitioner appears to be unable to access the alleged relief offered by the immigration court. Therefore, this court finds that this objection provides no basis to reject the findings and recommendations.

4. Within three (3) days from the date of entry of this order, Respondents shall file a notice certifying compliance with this order;

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted;

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

7. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center Detention Facility; and

8. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dena Coggins
United States District Judge